The Housing Authority of the City of Shreveport, Louisiana, a Federal agency, instituted suit in the District Court of Caddo Parish against Mrs. Mary A. Breen, W.A. Robinson, Sr., W.A. Robinson, Jr., and others, seeking to expropriate and have condemned and adjudged to it in fee simple, clear of all encumbrances, Lots Five and Six of the Squire Chapman four acre tract subdivision in said city as per plat thereof recorded in Conveyance Book 50, Page 49 of the records of said parish. The case was put at issue by answer and after trial a jury of freeholders fixed the value of the property at $1,400. Judgment was thereupon signed as prayed for by plaintiff. The court ordered the $1,400 deposited with the civil sheriff of the parish and "that all lawful owners or claimants be referred to the proceeds". Deposit was accordingly made. The case was held open for the introduction of testimony needful to determine to whom the money should be paid.
Said two lots of land were owned in indivision by W.A. Robinson and Mrs. Mary *Page 396 
A. Breen, widow of J.W. Breen, for several years. The undivided ownership was terminated by partition on March 3, 1932. In the partition Lot Six and the east 4.69 feet of Lot Five were allotted to Robinson and the west 35.31 feet of Lot Five were allotted to Mrs. Breen. The act of partition was duly recorded in the Conveyance records of Caddo Parish on April 25, 1932.
On July 6, 1938, that portion of the property allotted to Robinson was adjudicated to Mrs. Breen for taxes due the City of Shreveport of the year 1937 under an assessment in the owner's name. Tax deed to Mrs. Breen was recorded on July 6, 1938, in Conveyance Book No. 299, Folio 718 of the records of Caddo Parish.
On January 17, 1941, Mrs. Breen by notarial act signed in the County of Buchanan, State of Missouri, her residence, unto W.A. Robinson, who is described therein as being the "husband of Virginia Johnson Robinson", what, at its beginning purports to be a conveyance without warranty of said Lot Six and east 4.69 feet of Lot Five, for the recited price of $61.93 cash. This instrument contains no acceptance by the grantee. In explanation of its true character and to reflect the intention and purpose of Mrs. Breen in executing and delivering it, the following declaration was incorporated therein, to-wit: "This is intended to be a redemption deed of the hereinabove described property, which was purchased by this Vendor at City of Shreveport Tax sale on July 6, 1938; said deed being recorded in Conveyance Book 299 page 718 of the Conveyance Records of Caddo Parish, Louisiana."
On March 5, 1942, after the expropriation suit was filed, Mrs. Breen executed unto W.A. Robinson, Jr., "husband of Virginia Johnson Robinson", an instrument wherein, firstly, she declares that she thereby sells, conveys and delivers to Robinson, without warranty of title, the lot and part of lot in controversy, after which it is further declared: "This sale is made for the consideration of correcting that certain sale from this vendor to this vendee of date January 17th, 1941, recorded in Conveyance Book 454 page 561 of the Conveyance Records of Caddo Parish, Louisiana, made part hereof by reference, said deed reciting that it was a redemption deed to W.A. Robinson, when in truth and in fact, said sale was a cash sale to W.A. Robinson, Jr., and not a redemption sale; and this deed is made for the purpose of showing that said Act of Sale was a cash sale and not a redemption sale of said property and also to correct the name of the vendee to W.A. Robinson, Jr., husband of Virginia Johnson Robinson, the true purchaser. That in all other respects said original deed to stand in full force and effect."
Appellant bases his claim of title to the property upon this purported correcting deed and the instrument which it ostensibly is designed to correct.
Prior to the above-mentioned tax sale to Mrs. Breen and while title to the property reposed in W.A. Robinson, Sr., the Continental-American Bank and Trust Company of the City of Shreveport, Louisiana, obtained judgment against him for $2,000, with interest, which on being recorded in the mortgage records of Caddo Parish operated against and encumbered said property. It was in full force and effect when all the proceedings herein mentioned transpired.
The portion of Lot Five allotted to Mrs. Breen in the partition is not involved in the present controversy. It is conceded that this property belonged to her and is worth $700 and that she is entitled to that much of the deposit, and the court so ordered.
The question to decide and on which hinges to whom the other $700 of the deposit should be paid, is: Who was the legal owner of Lot Six and the east 4.69 feet of Lot Five when expropriation suit was filed? That is, in other words, was the property owned at that time by W.A. Robinson, Sr., or W.A. Robinson, Jr.? If owned by the former, the $700 should be paid over to the bank under its judicial mortgage. If owned by the latter, of course, the money should be paid over to him.
The lower court held that the property was owned by W.A. Robinson, Sr., and ordered the sheriff to pay the amount over to the bank. W.A. Robinson, Jr., feeling aggrieved at the judgment, prosecutes this appeal therefrom.
The sole issue in the case, in our opinion, has for its determination the correct construction to be placed upon the instrument signed by Mrs. Breen on January 17, 1941, above described, which, as said before, was in favor of W.A. Robinson, who is incorrectly described therein as the husband of Virginia Johnson Robinson. It so happens that Virginia *Page 397 
Johnson Robinson is the wife of W.A. Robinson, Jr., hence this controversy.
There was no reason why W.A. Robinson, Jr., should be personally interested in redeeming the property. There was good reason why his father should have done so. The absence of the distinguishing word "Senior" after the name "Robinson", does not at all argue that the intended grantee was W.A. Robinson, Jr. It is the common understanding when one of two persons of the same name (being father and son) is referred to, without any designation, the elder person is intended. In giving the wife's name as that of the son was evidently attributable to inadvertence of the attorney or notary in Shreveport who prepared the act for Mrs. Breen's signature and who knew both Robinsons but confused the names of their wives.
As we view the matter it seems immaterial to a proper decision of the case whether the instrument executed by Mrs. Breen was intended to run to W.A. Robinson, Sr., or his son. Its character as a redemption from the tax sale to Mrs. Breen, is patent from its contents and specific recitals. It is declared therein that it is intended to be a "redemption deed."
To further support this construction, if support be needed, reference is made to the smallness of the consideration, $61.93, which induced Mrs. Breen to sign the instrument. This amount is less than ten per cent of the property's value.
The redemption was executed at a time when Mrs. Breen's title was defeasible, inchoate. The three years within which redemption could be effected had not expired. Therefore, she had nothing to sell. She was legally bound to accept, when tendered to her, the amount necessary to redeem the property from the tax sale. When she signed the act of redemption that fact terminated her interest in the property so far as concerns the tax sale to her, once and for all.
No one will seriously contend that a redemption of a tax sale of real estate creates a new title or is sufficient to operate a transfer of the property to any extent. It simply effaces the tax sale and restores the title to the status existing prior to such sale.
The execution and delivery of the purported correcting deed did not effectuate the purpose obviously intended thereby and as contended in this court. It did not alter the character of the act of redemption which was signed at a time when there existed no good reason for emasculating the intentions of the parties. It is not permissible for any one who has executed an instrument affecting title to real estate, by subsequent writings, to change completely the character of the former instrument to the extent that the rights of others be thereby unfavorably affected. When Mrs. Breen solemnly declared before a Notary Public and two witnesses that for payment of a certain amount to her the tax sale was thereby redeemed, her action in this respect completely terminated her interest in the property and thereafter she was powerless to alter the status of things superinduced by such deliberate action.
It is not without some significance that neither of the Robinsons testified in regard to the instruments signed by Mrs. Breen. The elder did testify briefly concerning family history of prior owners but was not questioned about the redemption.
For the reasons herein assigned, the judgment appealed from is affirmed.
DREW and HAMITER, JJ., concur.